IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DUSTIN LEE PATTERSON**                                           **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 2:16cv66-KS-MTP**

**MAJOR MIKE HARLIN, et al.**                                      **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Plaintiff's failure to appear at the *Spears* hearing set in this matter, and upon his failure to comply with the Court's Order [43]. Based on the record and applicable law, the undersigned recommends that this matter be dismissed without prejudice.

### STANDARD

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's power "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear [its] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial courts' discretionary authority under Rule 41(b)).

### ANALYSIS

Plaintiff Dustin Patterson, proceeding *pro se* and *in forma pauperis*, filed the instant action on May 12, 2016. *See* Complaint [1]. When the action was filed Plaintiff was incarcerated. He has since been released.

On August 29, 2017, the Court entered Order [32] setting this matter for an omnibus hearing for October 27, 2017, at 10:00 a.m. Plaintiff failed to appear at the hearing despite being advised that if he was released from custody, that it was his responsibility to appear at the hearing. He was warned that if he failed to appear, his complaint may be dismissed without prejudice or other sanctions may be imposed. *See* Order [32].

On October 27, 2017, the Court issued Order [43], directing the Plaintiff to show cause in writing on or before November 10, 2017, setting forth why this action should not be dismissed for his failure to appear at the omnibus hearing scheduled in this matter. The Plaintiff was warned that his failure to respond to this order or to show good cause may result in this civil action being dismissed without further notice. That deadline has expired without any response from the Plaintiff.

Plaintiff was warned that it is his responsibility to prosecute this case and that his failure to comply with any order of this Court may result in its dismissal. Despite numerous cautions, the Plaintiff has failed to actively pursue this lawsuit or otherwise show cause why it should not be dismissed. Therefore, this case is ripe for dismissal under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with a court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995). As it appears that the Plaintiff has lost interest in pursuing his lawsuit and has abandoned it, this case should be dismissed for failure to prosecute.

## **RECOMMENDATION**

For the reasons stated above, the undersigned recommends that this lawsuit be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 27th day of November, 2017.

s/ Michael T. Parker
United States Magistrate Judge
